UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


SEAN RAMSEY                                    CIVIL ACTION NO. 06-1986

VERSUS                                         **REFERRED TO:**

U.S. COMMISSIONER SOCIAL                       **MAGISTRATE JUDGE HORNSBY**
SECURITY ADMINISTRATION


**MEMORANDUM RULING**

**Introduction**

Sean Ramsey ("Plaintiff") at one time received Supplemental Security Income payments, but the agency notified him in 2002 that it had determined that his disability ceased.  Plaintiff appealed that decision, and a hearing was held.  An unfavorable decision issued, but the Appeals Council vacated that decision and remanded for further evaluation of mental impairments and subjective complaints.  ALJ W. Thomas Bundy conducted the second hearing and issued another unfavorable decision.

The Appeals Council denied a request for review.  Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g).  Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment.  For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

The ALJ obviously believed that Plaintiff was exaggerating some of his symptoms. He noted that Plaintiff appeared at the hearing using a cane, although none of the medical records indicated that Plaintiff had ambulation difficulties.  A psychological evaluation indicated that Plaintiff had participated marginally and appeared to present himself as more psychologically distressed than actually warranted.  He was defensive and refused to reveal certain information about his medications and his spouse.  The ALJ was also not impressed that Plaintiff wore two sets of glasses at one time during the hearing.  The ALJ nonetheless found that Plaintiff did have some mental limitations.  In the general course of discussion, he stated that Plaintiff had mild restriction of activities of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence and pace; but no repeated episodes of decompensation.  Tr. 17.

When the ALJ, later in his decision, stated his findings as to the residual functional capacity ("RFC"), he stated that Plaintiff had the RFC to "perform light work activity . . . reduced by inability to perform work requiring reading of fine print, working at unprotected heights or around dangerous moving machinery and by the requirement he avoid regular and intimate contact with the public under circumstances generating high levels of stress." Tr. 18.

The ALJ sent written interrogatories to a VE that asked her to assume that RFC and Plaintiff's other vocational factors (age 36, 11th grade education, and no past relevant work).

Tr. 355.  The VE identified jobs such as cashier, toll collector and ticket seller that such a person could perform.  Tr. 356.

Plaintiff argues that the ALJ erred in not including all functional limitations in the hypothetical question posed to the VE.  Specifically, he notes that the ALJ did not include in the RFC the moderate difficulty in maintaining concentration, persistence and pace that the ALJ apparently acknowledged earlier in his decision.  A question posed to a VE must "incorporate reasonably" all limitations recognized by the ALJ.  Bolling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994).  The ALJ adequately included limitations regarding social functioning in the requirement that Plaintiff not have contact with the public under circumstances generating high levels of stress.  That limitation may have also been intended to reflect the Plaintiff's moderate difficulty in maintaining concentration, persistence and pace, but the ALJ's written decision does not make that clear.  Any error in this respect is harmless, however, because the jobs identified by the VE are unskilled and have no apparent requirements for concentration, persistence or pace of any significant degree.

Plaintiff next complains that he was denied the opportunity to cross examine the VE at the hearing.  There is no reversible error in this respect.  After the ALJ received the VE's written answers, the ALJ sent Plaintiff a letter with a copy of the VE's testimony and qualifications.  Plaintiff was advised that he could submit written comments, a written statement, additional records, or written questions for the VE. Plaintiff was told that he could also request a supplemental oral hearing at which he would have the opportunity to subpoena

witnesses.   Tr. 358-59.   There is no indication that Plaintiff took advantage of this opportunity.  Accordingly, no judicial relief is warranted with respect to this issue.

A consultative psychological evaluation was performed in August 2005.  Plaintiff argues that the ALJ erroneously dismissed the report, labeling it as the work of a student. Actually, the ALJ discussed the report at length, including the statement in the report that Plaintiff had exhibited less than optimal effort and presented himself as more psychologically distressed than warranted, and Plaintiff had left the office during the examination and refused to complete the clinical interview with Dr. Pinkston.  Thus, the clinical associate apparently completed the examination and report.  The evaluation suggested that Plaintiff had a reduced ability to engage in work activity, given his general defensiveness and difficulty interacting appropriately with others.  The report also concluded that Plaintiff's ability to accept instructions or criticism from supervisors would be significantly limited.  Tr. 343-46.

The ALJ, noting Plaintiff's lack of cooperation during the interview, stated that he "cannot afford great weight to the marked limitations assigned by the medical student."  Tr. 16.  Plaintiff faults the ALJ's conclusion that the report is the work of a student.  No matter whose efforts produced the report, the record reflects that the ALJ gave full consideration to the report and the circumstances under which it was produced, and he assigned to it a weight that is reasonable under the circumstances.  There is no basis for judicial reversal in connection with this final issue, so a judgment affirming the Commissioner's decision will be entered.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 7th day of February,

2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE